Council for Endurance is here. Endurance Specialty Insurance Limited v. Horseshoe Limited. Yes, thank you, Your Honor. David Attasani on behalf of Endurance. Stephen Schwartz on behalf of Horseshoe. Thank you, counsel, for coming in and I know we received the letter from Attorney Attasani representing Endurance reporting to this court that yesterday morning or yesterday the arbitration decision came out in the case that is now before us where you're seeking relief pre-arbitration decision and the report to the court is that the case is now moot because the relief sought in this appeal has now been mooted by the representation in the letter that Horseshoe was also in agreement. We've asked you to come in for two reasons. One, because it was it was somewhat of a late notice. No reason to doubt that you're both in agreement, but we also didn't have a formal motion to dismiss so we couldn't act on your letter alone. But I'm asking you now, Attorney Attasani, are you moving for an oral motion to dismiss as moot the appeal? Yes, Your Honor, and we're moving to vacate the trial court decision as moot and asking that you remand with instructions to dismiss the case. All under Marciano, 2023 and other Second Circuit decisions of similar ilk. And, I'm sorry, Attorney Schwartz. Schwartz, yes, for Horseshoe. Yeah, we do not oppose the motion. And you agree that the there's no way to have a pre-hearing disqualification of the arbitrator when the arbitration is now complete. All right. Well, thank you. Let me make sure my fellow judges... Just one quick question, please. It's not enough to dismiss the appeal? You also need to vacate the lower court's decision? Yes, yes, Your Honor. That's our request. And understand that subject to very unusual exceptions, two that I can think of, one of which is that mootness is that we don't have one of those here, or that one or both parties have attempted to manipulate the court and deprive it of jurisdiction, which certainly has not been the case here. That it's the practice of the circuit under Marciano and other cases to both vacate the underlying district court judgment and also to remand with instructions to dismiss the case. In this case, we're asking you to do that, I think, for the reasons that animate those prior decisions of this court, because we want to ensure that there's a clean slate and that there isn't a U.S. District Court decision sitting out there that's impregnable to any kind of future challenge. Because as you saw on the footnote, footnote one to our letter, we are reserving our rights to move to vacate the award, but with respect, and as Mr. Schwartz said, it's not appropriate for us to do that here before this court on this procedural record. Thank you for the clarification. Thank you. And Attorney Schwartz, did you wish to add to... Well, I suppose... to the response to Judge Falo's question. My response is I'm not sure it's necessary to vacate the underlying decision, but I understand, I mean, I've read the cases that Mr. Adesany cited, and I do understand that is the common practice, at least in the Second Circuit, to follow that procedure. And so I don't know that there's necessarily an equitable reason why it's necessary here. I believe that if there is going to be a motion to vacate, I think that that would happen in Bermuda, where the arbitration occurred, and pursuant to Bermuda law, as this appeal is based on Bermuda law. One of the issues, however, pending in this case was whether this court had jurisdiction to remove an arbitrator, and there is precedent in the circuit, as I understand, for the proposition that this court most definitely has jurisdiction to vacate an arbitration award. So I'm not sure that such an action by endurance would have to occur in Bermuda. It could very well occur in this court, correct? I'm not sure that that is correct, because I think this is... I think the precedent... I mean, so you certainly have an American arbitration award. I don't know that you have jurisdiction to vacate a Bermuda arbitration award that happened in Bermuda, that was issued in Bermuda, where the parties are Bermudian parties, where the governing procedural law is the Bermuda Arbitration Act of 1986. So I don't think that you would have jurisdiction. I don't know that you need to reach that question here, though. I mean, that question is really not before you. But the key thing is, Mr. That's... You're right. Thank you. So without further action, without further questions, we will take your oral request, and as evidenced by your letter, that we dismiss this as moot, the appeal is moot. And we thank you for coming in, and seeing nothing further than that, you may go. Thank you very much. Thank you. Thank you for the courtesy of putting us first. Thank you so much. Thank you.